IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA BIBBS, Pro Se, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Civ. No. 06-169E |
| | ) |
| MICHAEL E. DUNLAVEY individually | ) |
| and in his capacity as Judge of the | ) |
| Commonwealth Court of Erie County et al., | ) |
| | ) |
| Defendants | ) |
| | ) |

## OPINION AND ORDER

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) filed by Defendants Erie County Department of Human Services, Office of Children and Youth ("OCY"), Michael V. Hughes ("Hughes") and Donna L. Ziegler ("Ziegler") as a group, and a separate Motion to Dismiss filed by Defendant the Honorable Michael E. Dunlavey ("Judge Dunlavey"). *Pro se* Plaintiff Victoria Bibbs has filed a 42 U.S.C. § 1983 action against these Defendants.

**I. Applicable Standards of Review.**

A. Standard of review for Fed.R.Civ.P. 12(b)(6) motions to dismiss.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In determining whether a claim should be dismissed under Rule 12(b)(6), we may

look only to the facts alleged in the Complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 ( 1984). In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support its claim. Lake v. Arnold, 112 F.3d 682 (3d Cir. 1977). However, the court is not required to accept as true legal conclusions or unwarranted factual inferences. Schuykill Energy Res., Inc. V. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997).

B. Standard of review for Fed.R.Civ.P. 12(b)(1) motions to dismiss.

As explained in greater detail below, one of the grounds upon which the motion to dismiss Defendants OCY, Hughes and Ziegler is based is that this Court lacks subject matter jurisdiction over part of Plaintiff's Complaint against them under the Rooker-Feldman doctrine. A Motion to dismiss based upon lack of subject matter jurisdiction under the Rooker-Feldman doctrine is properly treated as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). See Fed.R.Civ.P. 12(b)(1). See also 19th Street Baptist Church v. St. Peter's Episcopal Church, 2003 WL 22849592, *2 (E.D. Pa. Nov. 26, 2003) (applying Fed.R.Civ.P. 12(b)(1) to motion to dismiss for lack of jurisdiction under Rooker-Feldman doctrine); Hanover Group , Inc. V. Manufactured Home Communities, Inc., 2000 WL 1124877, *2 (S.D. Inc. July 12, 2000) ("A Rooker-Feldman defense should be presented through a motion to dismiss pursuant to Rule 12(b)(1).").

When subject matter jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden to show that the court has the requisite jurisdiction to hear the case. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). Further, the district court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluat[e] for itself the merits of [the] jurisdictional claims." Id., citing, Mortensen v. First Fed. Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

C. Standard of review for pro se pleadings.

Pro so pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim upon which relief can be granted if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle [her] to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972), quoting, Conley v. Gibson, 355 U.S. 41, 45-46 (1975). If the Court can reasonably read pleadings to state a valid claim on which the litigant would prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).

In this case, there can be no doubt that the Complaint is "inartfully" drawn. In fact, as is obvious from the occasional excerpts taken from the Plaintiff's Complaint and quoted throughout this Opinion, it is difficult to determine just what Ms. Bibbs is talking about.

3

Nevertheless, the Court has used its best efforts to resolve the legal issues raised by the Complaint.

**II. Relevant Allegations in Plaintiff's Complaint.**

> Plaintiff alleges the following in her Complaint (quoted verbatim):
>
> II. Plaintiff brings suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her by the 1st, 4th, 6th, 8th-9th, 14th (a)(c)(d) Amendments of the federal Constitution of Law and the Constitution for the United States/ Articles and by the False Claim Act asserting this taxpayers complete recovery pursuant to the act, and each defendant individually and jointly be strickly held responsible and liable for their individual and joint team action pursuant to the False Claim Act and Title 42 U.S.C. 1982 Law.
>
> III. Plaintiff brings suit against the Erie County Department of Human Services Office of Children and Youth Agency jointly pursuant to actions under § 3729 through 3732. False claims 31 USC 3729 Injures caused by misuse of legal process and failure to intervene and prevent false claim involving unnecessary expenses, and malicious prosecution.
>
> IV. Defendants are a team of actors which consist of a Judge, the Department's Agency, a Caseworker, and a Psychiatrist-Neurologist from the Common Pleas Courthouse of the City of Erie, through to the Erie County Department of Human Services who's Agency is the Office of Children and Youth and the Psychiatrist-Neurologist of the City of Erie.
>
> V. Plaintiff brings this action against Michael E. Dunlavey, a county Judge officer, pursuant to Title 28 U.S. code § 1331 et al, in claims arising from violations of state constitutional rights guaranteed in the (above) Amendments / Articles to the United States Constitution and addressed pursuant to Pennsylvania Charter of Privileges, 28th October 1701 and False Claims Act and That of Conspiracy
>
>                             And
>
> VI. Against The Erie County Department of Human Services Office of Children and Youth Agency jointly pursuant to action under 3730 §3729. False Claims 31 US 3729 Injuries caused by misuses of legal process and failure to intervene and prevent false claim involving unnecessary expenses, and malicious prosecution
>
>                             And

>VII. Against Michael V. Hughes, a county Caseworker official, pursuant to Title 28 U.S. Code § 1331 et al, (in same above claim thereof), and in addition 31 U.S.C. §§ 3729-3733 et al.
>
>And
>
>VIII. Against Donna L. Ziegler, a county Psychiatrist-Neurologist official, pursuant to Title 28 U.S. Code § 1331 et al, (in same above claim thereof), and in addition 31 U.S.C. §§ 3729-3733 et al., Also for the "interference with plaintiff's person and peace of mind" Violation also of
>
>. . .
>
>Wherefore the plaintiff demands judgment against the defendant for all the Damages and penalties under the statute and make them liable under the act, jointly and severally, this I pray also;
>
>1. Issues injunctive relief commanding defendant to immediately Release of my children, held hostage by Reason of this F.C.
>
>. . .

Plaintiff's Complaint.

## III. Substantive Analysis.

### A. Judge Dunlavey's Motion to Dismiss.

In support of his motion to dismiss the Complaint filed against him by Plaintiff, Judge Dunlavey makes two arguments. Judge Dunlavey first argues that Plaintiff's 42 U.S.C. § 1983 claim against him must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's Complaint does not allege with appropriate particularity how Judge Dunlavey participated in the alleged constitutional violation. Judge Dunlavey's Supporting Brief, pp. 2-3. Second, Judge Dunlavey argues that Plaintiff's § 1983 claim against him must be dismissed because he is immune from Plaintiff's claim under the doctrine of absolute judicial immunity. Id. at pp. 4-5.

5

We first address whether Plaintiff's Complaint alleges with appropriate particularity how Judge Dunlavey participated in the alleged constitutional violations. In Rode v. Dellaraciprette, 845 F.2d 1195 (3d Cir. 1988), the appellate court explained: "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. at 1207-08. See also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("[u]nder our cases, 'a defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable.").

Examining the allegations contained in Plaintiff's Complaint as they relate to Judge Dunlavey, there simply is no way to read Plaintiff's Complaint to be alleging that Judge Dunlavey was at all personally involved, whether through allegations of personal direction or of actual knowledge and acquiescence, in any alleged wrongs committed against Plaintiff. As such, Plaintiff's 42 U.S.C. § 1983 claim against Judge Dunlavey must be dismissed for failure to state a claim upon which relief can be granted.

Given the Court's decision that Plaintiff has not stated a 42 U.S.C. § 1983 claim against Judge Dunlavey upon which relief can be granted based upon Plaintiff's failure to allege that Judge Dunlavey was at all personally involved, whether through allegations of personal direction or of actual knowledge and acquiescence, in any alleged wrongs committed against Plaintiff, it is unnecessary for the Court to address Judge Dunlavey's alternative argument that Plaintiff's § 1983 claim against him must be dismissed because he is immune from Plaintiff's claim under the doctrine of absolute judicial immunity.

### B. Defendants OCY, Hughes and Ziegler's Motion to Dismiss.

We next turn to the Motion to Dismiss Plaintiff's Complaint filed by Defendants OCY, Hughes and Ziegler.

1. Plaintiff's § 1983 claim against these Defendants related to state court Judge Kelly's June 9, 2004 Order of Court.

Defendants OCY, Hughes and Ziegler argue in support of their motion to dismiss that "[t]o the extent that Plaintiff is challenging the Order of the Honorable Elizabeth K. Kelly, of the Court of Common Pleas of Erie County, Pennsylvania, issued after a dispositional hearing, which mandates, among other things, that Idamain Bibbs and Victor Bibbs remain under the continued care and supervision of the OCY for an indefinite period of time and that plaintiff participate in psychological evaluation and drug and alcohol assessment, this Court lacks jurisdiction to review the Order of Judge Kelly placing plaintiff's children under the continued care of the OCY," and cite in support thereof to cases addressing the Rooker-Feldman doctrine. Id. at p. 3. n. 1.

"The Rooker- Feldman doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004). "The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000); see also Whiteford v. Reed. 155 F.3d 671, 673 (3d Cir. 1998), Gulla v. North Strabane Township, 146 F.3d 168, 170 (3d Cir. 1998). The Third Circuit Court of Appeals describes the Rooker-Feldman doctrine as arising in two circumstances: if the claim

was "actually litigated" in the state court or if the claim is "inextricably intertwined" with the state adjudication. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). State and federal claims are inextricably intertwined "(1) 'when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered' [or] ((2) when 'the federal court must . . . take action that would render the judgment ineffectual'." Id., quoting, FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit'." Gulla, 146 F.3d at 17, quoting, FOCUS, 75 F.3d at 840.

In Desi's Pizza, the appellate court noted certain factors for determining whether an issue was "actually litigated" by the state courts: a plaintiff must present its federal claims to the state court, and the state court must decide those claims. Desi's Pizza, 321 F.3d at 419. "Ordinarily, it will be more difficult to demonstrate that a claim was 'actually litigated' than to show that the federal claim is 'inextricably intertwined' within the state court judgment. The former requires that the state court had considered and decided precisely the same claim that the plaintiff has presented in the federal court. Conversely, two claims may proceed on different theories or involve different parties and yet be inextricably intertwined if the District Court's judgment would prevent a state court from enforcing its orders." ITT Corp. V. Intelnet Int'l Corp., 366 F.3d 205, 211 n. 8 (3d Cir. 2004). "The actually litigated prong is principally useful where the claims before the state court and federal courts are in all respects identical. In such cases, the straightforward application of the "actually litigated" test avoids the more complicated "inextricably intertwined" inquiry. Id.

8

Recently, the United States Supreme Court has emphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. V. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

In her request for relief, Plaintiff states "[w]herefore the plaintiff demands judgment against the defendant for all the Damages and penalties under the statute and make them liable under the act, jointly and severally, this I pray also; 1. Issues injunctive relief commanding defendant to immediately Release of my children, held hostage by Reason of this F.C." Plaintiff's Complaint.

To the extent Plaintiff's Complaint is asking this Court to release her children from the custody of Defendant Erie County Department of Human Services, Office of Children and Youth, she appears to be challenging the validity of the June 9, 2004 Order of the Honorable Elizabeth K. Kelly, of the Court of Common Pleas of Erie County, Pennsylvania. That order mandates, *inter alia*, that Plaintiff's children, Idamain Bibbs and Victor Bibbs, remain under the continued care and supervision of the OCY for an indefinite period of time. See June 9, 2004 Order of Court attached (under seal) to Defendants' Motion to Dismiss. Thus, to grant Plaintiff the relief she seeks, this Court would have to determine that the June 9, 2004 state court order was erroneously entered. As explained in the Desi's Pizza decision, *infra.*, such action is not permitted under the Rooker-Feldman doctrine. As such, this Court lacks subject matter jurisdiction over the part of Plaintiff's Complaint wherein she requests this Court to order the immediate release of her two children. Defendants OCY, Hughes and

9

Ziegler's motion to dismiss Plaintiff's § 1983 claim related to the release of her two children from the custody of Defendant Erie County Department of Human Services, Office of Children and Youth will be granted.

2. Whether Plaintiff otherwise has sufficiently pled a § 1983 claim against Defendants OCY, Hughes and Ziegler.

Defendants OCY, Hughes and Ziegler also argue in support of their motion to dismiss the Complaint that Plaintiff has not set forth any factual allegations in her Complaint that demonstrate how these Defendants allegedly deprived her of her constitutional rights. Defendants' Motion to Dismiss, ¶ 5. "While Plaintiff makes general reference to . . . 'misuse of legal process and failure to intervene and prevent false claim involving unnecessary expenses, and malicious prosecution' and 'interference with plaintiff's person and peace of mind,' she does not set forth any factual allegations that demonstrate how defendants allegedly deprived her of her constitutional rights. In short, plaintiff has failed to set forth a cognizable civil rights claim . . . ." Defendants' Supporting Brief, pp. 2-3.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988) (citations omitted). "The Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." Croft v. Westmoreland County Children and Youth Services, 103 F.3d 1123, 1125 (3d Cir. 2003). Turning to the allegations contained in Plaintiff's Complaint relevant to these Defendants, quoted *infra.*, even recognizing that Plaintiff is proceeding *pro*

*se*, we find Plaintiff's allegations that: (1) Defendant OCY, Hughes and Ziegler caused Plaintiff to suffer "injuries caused by misuse of legal process and failure to intervene and prevent false claim involving unnecessary expenses, and malicious prosecution;" and (2) Defendant Ziegler caused "interference with plaintiff's person and peace of mind," do not fulfill the requirement that Plaintiff allege that these Defendants violated a right of Plaintiff secured by the Constitution and laws of the United States. Accordingly, Plaintiff's §1983 claim against these Defendants must be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion.

Defendant Michael E. Dunlavey's Motion to Dismiss Plaintiff's Complaint against him is granted. Defendants Erie County Department of Human Services, Office of Children and Youth, Michael V. Hughes and Donna L. Ziegler's motion to dismiss Plaintiff's Complaint against them shall be granted. An appropriate Order follows.

### ORDER

AND NOW, this **24**th day of October, 2006, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Michael E. Dunlavey's Motion to Dismiss Plaintiff's Complaint against him (Doc. #4) is GRANTED and Plaintiff's Complaint against him is dismissed with prejudice.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Defendants Erie County Department of Human Services, Office of Children and Youth, Michael V. Hughes and Donna L. Ziegler's Motion to Dismiss Plaintiff's Complaint against them (Doc. #7) is GRANTED and Plaintiff's Complaint against them is dismissed with prejudice.

The Clerk of Courts shall mark this case "CLOSED."

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc:	counsel of record
	Victoria Bibbs, pro se